IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  03-cv-02046-ZLW-PAC

CHARLES EICKLEBERRY,

     Plaintiff,

v.

MR DUNCAN, Federal Officer,
MR. PRICE, Federal Officer,
MR. FLEMMING, (Lt.) Federal Officer, and
MR. M. DUNLAP, (DHO) Federal Officer,

     Defendants.
_____

ORDER DISMISSING CERTAIN CLAIMS
_____

The matter before the Court is Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1), (6) (Motion).  Pursuant to D.C.COLO.LCivR 72.1, the Court referred the Motion to Magistrate Judge Patricia A. Coan, who recommended that the Motion be granted and Plaintiff's Prisoner Complaint (Complaint) and cause of action be dismissed with prejudice for failure to state a claim upon which relief can be granted.  The Magistrate Judge also concluded that Defendants are entitled to qualified immunity on the constitutional claims and Plaintiff's failure to exhaust administrative remedies as to some of his claims supplies an alternate ground for dismissal without prejudice.

Plaintiff filed timely and specific written objections.  As required by 28 U.S.C. § 636(b), the Court has reviewed *de novo* all portions of the Recommendation to which Plaintiff has filed specific objections, and has considered carefully the Recommendation,

the objections filed, and the applicable case law.  Because Plaintiff appears *pro se*, the Court has construed his pleadings and submissions more liberally and held them to a less stringent standard than formal pleadings and submissions drafted by attorneys.[1] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's . . . confusion of various legal theories[.]"[2]  "In addition, *pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings."[3]

Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics.[4]  The Complaint names the Defendants as parties in both their individual and official capacities.  However, a Bivens suit cannot be brought against a public official tortfeasor in his or her official capacity.[5]  Therefore, the Court will dismiss all of the claims with prejudice to the extent they are brought against the Defendants in their official capacities.

In his First Claim, Plaintiff alleges that the Defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments when he was threatened with bodily harm, pushed against the cell wall, retaliated against, and had his wrists wrenched by handcuffs.  The Magistrate Judge, analyzing the First Claim under the Eighth

---

[1] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Belmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

[2] Hall, 935 F.2d at 1110.

[3] Id. at 1110 n.3.

[4] 403 U.S. 388 (1971).

[5] Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001).

Amendment, concluded that (1) threats and verbal taunts do not violate the Eighth Amendment; (2) the use of force by Defendants Price and Duncan resulted in only *de minimis* harm of a short duration that does not rise to the level of an Eighth Amendment violation; and (3) the allegation that Defendant Duncan called Plaintiff a "snitch" in front of another staff member fails to state a cognizable claim because the comment was not made in the presence of other inmates.[6]

The Court has considered carefully all of Plaintiff's objections to the Magistrate Judge's findings.  Because the Court agrees with the Magistrate Judge's conclusion that none of the conduct of which Plaintiff complains violates his Eighth Amendment rights, the Court will dismiss the First Claim with prejudice.  In addition, the Court agrees with the Magistrate Judge that Defendants Duncan, Price, and Flemming also are entitled to qualified immunity on the First Claim because their actions did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known."[7]

Because Plaintiff has not made any specific objections to the Magistrate Judge's conclusion that his Second Claim is not adequately supported by factual allegations, the Court will dismiss it with prejudice.

Plaintiff's Third Claim alleges that Defendants' threats and use of force violate state and federal law of assault and battery and Bureau of Prisons regulations.  The Magistrate Judge considered Defendants' assertion of qualified immunity and concluded

---

[6]Plaintiff did not object to the Magistrate Judge's conclusion that use of allegedly "improper" handcuffing procedure does not violate his Eighth Amendment rights, and the Court will not address it.

[7]Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

that, to the extent the allegations are not duplicative of the excessive force claim, the Third Claim must be dismissed because Plaintiff's vague and conclusory allegations are not sufficient to support a violation of federal law of assault and battery.  Plaintiff's objections are without merit.

As a claim for a violation of constitutional rights under <u>Bivens</u>, the Third Claim is similar to the First Claim and must be dismissed with prejudice for the same reasons: the use of *de minimis* force and threats did not violate the clearly established contours of the Eighth Amendment.  Because of this, Defendants also are entitled to qualified immunity on the Third Claim.

The Court declines to treat the Third Claim as one brought under the Federal Tort Claims Act (FTCA)[8] or to grant Plaintiff leave to amend because there is no evidence he ever filed an administrative tort claim, a necessary prerequisite to filing a civil action pursuant to the FTCA.[9]

In his Fourth Claim, Plaintiff alleges generally that all of the actions set forth in the "Facts" section of the Complaint violate state and federal law and his rights under the Eighth and Fourteenth Amendments.  He alleges specifically that Defendants Dunlap and Flemming violated state and federal law and BOP regulations by detaining him in segregation for two extra days.  The Magistrate Judge treated the Fourth Claim as one for retaliation for the exercise of his right of access to the courts and recommended that the Court dismiss it because the conclusory allegations failed to set

---

[8] 28 U.S.C. §§ 1346(b), 2671-2680.

[9] <u>See</u> 28 U.S.C. § 2675(a) (1994).

forth specific facts that show that retaliation was a but-for motive.  Plaintiff's objection is a reiteration of the factual allegations supporting his claim of retaliation, implying that those allegations are adequate to show but-for causation.

At the pleading stage, a plaintiff must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."[10]  As to the two extra days Plaintiff spent in segregation, the Court concludes that Plaintiff has not alleged facts sufficient to show that, but-for a retaliatory motive, Defendants' Dunlap and Flemming would not have kept him there.

However, Plaintiff's allegations of threats of bodily harm, if proven, could support his claim that retaliation was a but-for motive.  Plaintiff alleges that Defendant Duncan confronted him about the grievances he had filed and made verbal threats against him.[11]  He also alleges that Duncan threatened to take him "outside in one of those cages and beat the F**k" out of him, and then told him to "write that up you F***ing Snitch!"[12]  This establishes the possibility of a retaliatory relationship between Plaintiff's exercise of his right of access to the courts and Duncan's threats.  Even though they are not actionable under the Eighth Amendment, they are actionable as retaliation.[13]  Defendant Duncan is not entitled to qualified immunity on the Fourth Claim because the right to be free of retaliation for exercising the right of access to the courts is a "clearly

---

[10] Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

[11] Prisoner Complaint, ¶ 13; Plaintiff's Response To Defendants' Motion To Dismiss . . . at 4, 10 (Response).

[12] Prisoner Complaint, ¶ 14 ; Response at 4-5, 10-11.

[13] See Smith v. Maschner, 899 F.2d 940, 948 (10th Cir. 1990).

5

established . . . constitutional right[ ] of which a reasonable person would have known."[14]  Accordingly, the Court will deny Defendants' motion to dismiss the Fourth Claim but only insofar as it states a claim against Defendant Duncan for allegedly making retaliatory threats.

The Court declines to dismiss the entire Complaint on the grounds that it contains both exhausted and unexhausted claims.  Relevant case law suggests that the failure to exhaust some claims and not others does not require a court to dismiss the entire complaint if the court elects to dismiss the unexhausted claims pursuant to 42 U.S.C. § 1997e(c)(2), leaving only exhausted claims that state a claim upon which relief can be granted.[15]  Accordingly, it is

ORDERED that the Magistrate Judge's Recommendation is accepted and adopted in part and rejected in part.  It is

FURTHER ORDERED that Plaintiff's objections to the Magistrate Judge's Recommendation are sustained in part and overruled in part.  It is

FURTHER ORDERED that Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1), (6) is granted in part and denied in part.  It is

---

[14] Harlow, 457 U.S. at 818; Smith, 899 F.2d at 947.

[15] DeYonghe v. Ward, No. 04-6218, 2005 WL 165449, at *2 (10th Cir. Jan. 26, 2005)(declining to remand for dismissal where an unexhausted claim fell within 42 U.S.C. § 1997e(c)(2) and remaining claims were exhausted); West v. Kolar, No. 03-6265, 2004 WL 1834634, at *2 (10th Cir. Aug. 17, 2004)(holding that, when faced with a mixed complaint, a district court may either dismiss the entire complaint or permit the plaintiff to dismiss his unexhausted claims); Ross v. County of Bernalillo, 365 F.3d 1181, 1189-90 (10th Cir. 2004)(citing 42 U.S.C. § 1997e(c)(2) in support of its statement that a district court ordinarily must dismiss the entire action without prejudice where it contains both exhausted and unexhausted claims).

FURTHER ORDERED that Plaintiff's claims are dismissed with prejudice to the extent they are brought against Defendants in their official capacities, and the Defendants are dismissed in their official capacities.  It is

FURTHER ORDERED that the First, Second, and Third Claims are dismissed with prejudice in their entirety.  It is

FURTHER ORDERED that the Fourth Claim is dismissed with prejudice to the extent it is based on the extra time Plaintiff spent in segregation.  It is

FURTHER ORDERED that this case will go forward on the Fourth Claim but only to the extent it is based on alleged retaliatory threats by Defendant Duncan.  It is

FURTHER ORDERED that Defendants Price, Flemming, and Dunlap are dismissed in their individual capacities.  It is

FURTHER ORDERED that, in the future, the caption shall be amended to reflect the dismissal of the official capacity claims and the claims against Defendants Price, Flemming, and Dunlap.  It is

FURTHER ORDERED that this case again is referred to Magistrate Judge Coan for further proceedings or recommendations.

DATED at Denver, Colorado, this __28th__ day of July, 2005.

BY THE COURT:

s/Zita L. Weinshienk  
ZITA L. WEINSHIENK, Senior Judge  
United States District Court