IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  03-cv-02046-ZLW-PAC

CHARLES EICKLEBERRY,

    Plaintiff,

v.

MR. DUNCAN, Federal Officer,

    Defendant.

_____

ORDER
_____

The matter before the Court is Plaintiff's Motion For Clarification, which the Court treats as a motion for reconsideration of the Court's Order of July 29, 2005.  As the Magistrate Judge recognized in her November 15, 2004, Recommendation, a prisoner may state an Eighth Amendment claim by alleging that he or she was called a "snitch" by prison officials in front of other inmates.[1]  The Court determined in the July 29, 2005, Order that the allegation that Defendant Duncan called Plaintiff a "snitch" did not state a cognizable Eighth Amendment claim because the comment was not made in front of other inmates.  However, upon reconsideration, the Court concludes that Plaintiff's

---

[1] See Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992).

Complaint can liberally be read to allege that the "snitch" comment was made in front of other inmates. Specifically, Plaintiff alleges in his Complaint that,

> [a]t approximately 2:40 p.m. on 9-02-02, Defendant Staff Member Duncan came at Plaintiff and yelled calling Plaintiff a " F[—]ng Snitch" this was in front of Staff Member D. Aicher. This was when Plaintiff was being brought in from (SHU) Rec. area. Defendant Staff Member Duncan again threatened to put his hands on Plaintiff threatening to do violence to Plaintiff. Defendant Staff Member Duncan, said: "I should take you outside in one of those cages and beat the F[—] out of you!" Defendant Staff member Duncan said "Write that up you F[—]ing Snitch!" Defendant Staff Member Duncan also came at Plaintiff like he wanted to hit Plaintiff. Plaintiff was handcuffed and being held by Staff member D. Aicher, Aicher had to pull Plaintiff back so Plaintiff would not be strucked by Defendant Staff member Duncan. This should be on the (SHU) cameras. This was more retaliation by Defendant Staff Member Duncan, *that was seen and heard by Staff and inmates.*[2]

Further, in his response to Defendants' motion to dismiss, Plaintiff stated that the "snitch" comment was made "in front of Mr. Aicher and inmate orderlys [sic] in (SHU) kitchen area."[3] Plaintiff similarly asserted in his objection to the Magistrate Judge's Recommendation that the "snitch" comment was made in front of Aicher and inmate orderlies.[4] Thus, the First Claim can proceed under the Eighth Amendment based on

---

[2] Prisoner Complaint at p. 3-4 ¶ 14 (emphasis added).

[3] Plaintiff's Response To Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1),(6) at p. 5.

[4] Objections To the Magistrate Judge's Recommendation at p. 5 ¶ 3.

the allegation Duncan called Plaintiff a "snitch" in front of other inmates.  Accordingly, it is

ORDERED that Plaintiff's Motion For Clarification, which the Court treats as a motion for reconsideration of the Court's Order of July 29, 2005, is granted.  It is

FURTHER ORDERED that the Court's Order of July 29, 2005, is vacated to the extent that it dismissed Plaintiff's First Claim with prejudice.  It is

FURTHER ORDERED that Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1), (6) is denied as to Plaintiff's First Claim, and the case will go forward on the First Claim but only to the extent that it is based on Defendant Duncan's "snitch" comment, made in front of other inmates.  It is

FURTHER ORDERED that all other aspects of the Court's Order of July 29, 2005, remain in place.  It is

FURTHER ORDERED that the case again is referred to Magistrate Judge Coan for further proceedings or recommendations, including any necessary amendments to the Scheduling Order based on this Order.

DATED at Denver, Colorado, this __3__ day of January, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court